

# NUMBER 13-17-00040-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ALAMO NATIONAL
BUILDING MANAGEMENT, LP,                                              Appellant,

v.

GLENN HEGAR, COMPTROLLER
OF PUBLIC ACCOUNTS OF THE
STATE OF TEXAS, AND KEN PAXTON,
ATTORNEY GENERAL OF THE STATE
OF TEXAS,                                                            Appellees.

## On appeal from the 126th District Court
of Travis County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant Alamo National Building Management, LP (Alamo) challenges the trial

court's judgment in favor of appellees Glenn Hegar, Comptroller of Public Accounts of

The State of Texas and Ken Paxton, Attorney General of the State of Texas (collectively the Comptroller). By four issues that we address as three, Alamo contends that (1) its purchase of hotel consumables is subject to the resale exemption in Texas Tax Code section 151.302(a)(1), (2) Alamo is not required to collect or remit sales tax from its guests on the resale of the hotel consumables, and (3) the Comptroller's rule requiring collection of the hotel occupancy tax for the hotel consumables is invalid (issue three). *See* TEX. TAX CODE ANN. § 151.302(a)(1) (West, Westlaw through 2017 1st C.S.). We affirm.[1]

## I.    BACKGROUND

Alamo owns the Drury Plaza Hotel San Antonio Riverwalk in San Antonio, Texas. Alamo charges its customers for the right to occupy its hotel rooms. Alamo claims that the rate customers pay for the room includes charges for, among other things, hotel consumables, such as facial tissue, coffee, toilet paper, soap, shampoo, conditioner, lotion, bath soap, and cups that may be found in its rooms. Alamo claims that it charges all customers for other consumables such as toothbrushes, toothpaste, aspirin, shaving cream, and inexpensive razors that are kept behind the front desk and are provided only to those customers who request them. In addition, Alamo claims that the room rate includes a charge for consumables such as paper cups, popcorn bags, plastic cups, foam cups, foam plates, and foam bowls used for the daily complimentary breakfast and for its evening event providing unlimited soft drinks and popcorn. Alamo claims that it charges $1.57 for all of the above-listed consumables within each room rate. According to Alamo,

---

[1] This case is before the Court on transfer from the Third Court of Appeals in Austin pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.). Because this is a transfer case, we apply the precedent of the Third Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

sixty-five percent of the room rate covers the occupancy of the hotel room, and "the rest of the rate covers the other separate items which include, the consumables, meals and food [that are provided to customers], and taxable services such as internet access, telephone service, cable television, access to a fitness center and business center."

During the period of January 2015 through September 2016, Alamo purchased the consumables provided to its customers from DI Supply LLC and did not pay any sales tax on those items when it made the purchases. According to the Comptroller, Alamo did not invoice or collect sales tax from its customers on the consumables provided. Eventually, under protest, Alamo paid the sales tax on the consumables.

Alamo then filed a "protest payment suit" against the Comptroller seeking a refund of the sales tax paid on the consumables. In its pleading, Alamo alleged that it was entitled to the sale-for-resale exemption as set out in *DTWC Corp. v. Combs*, 400 S.W.3d 149, 156 (Tex. App.—Austin 2013, no pet.), providing that a party is exempt from paying sales tax under certain circumstances. *See id.* at 152.

The trial court held a bench trial on the merits wherein Alamo claimed that it charges an all-inclusive rate to customers that includes, among other things, the occupancy of the room and the market price of the consumables at issue. However, Alamo neither itemizes charges for the consumables nor informs its customers that they are paying for those consumables.

According to Alamo, a customer pays a base price for all consumables, which is included in the room rental price, regardless of whether the customer uses the items or not. Alamo presented evidence that a customer is not allotted a certain number of consumables even though the customers pay a uniform rate of $1.57. For example,

3

although a room has a certain number of consumables, if a customer requests more of any item, Alamo provides more of the requested item without additional charge. In addition, it is possible that multiple customers pay for the same roll of toilet paper. Alamo provides toilet paper for each room; however, if the roll of toilet paper is only partially used by a customer who checks out, the partially used roll remains in the room for the next customer who will then incur the same charge of $1.57. Evidence was also presented that Alamo's website states that the "extras aren't extra" and that the extras are "free." Alamo's evidence shows that it considers "the extras" to include the consumables. However, Alamo's witness Benito Villarreal testified that the extras are "truly not free."

The trial court rendered a judgment for the Comptroller. The trial court issued findings of fact and conclusions of law. This appeal followed.

## II. DISCUSSION

By its first issue, Alamo contends that it was entitled to the resale exemption. *See* TEX. TAX CODE ANN. § 151.006(a)(1). Specifically, Alamo argues that the Austin Court of Appeals has determined that the resale exemption applies "because the all-inclusive rate the hotel charged guests was consideration for the sale of the hotel consumables provided to guests in their rooms." *See DTWC*, 400 S.W.3d at 152.

## A. Applicable Law

A sales tax is imposed "on each sale of a taxable item." TEX. TAX CODE ANN. § 151.051(a) (West, Westlaw through 2017 1st C.S.). "'A taxable item' means tangible personal property and taxable services." *Id.* § 151.010 (West, Westlaw through 2017 1st C.S.). "Tangible personal property" is "personal property that can be seen, weighed, measured, felt, or touched or that is perceptible to the senses in any other manner . . . ."

4

*Id.* § 151.009 (West, Westlaw through 2017 1st C.S.). The sale-for-resale exemption provides that there is no sales tax on the purchase of a taxable item meant to be resold. *Id.* § 151.302.

> A sale-for-resale means, in pertinent part, a sale of:
>
> tangible personal property or a taxable service to a purchaser who acquires the property or service for the purpose of reselling it with or as a taxable item . . . in the normal course of business in the form or condition in which it is acquired or as an attachment to or integral part of other tangible personal property or taxable service.

*Id.* § 151.006(a)(1).

## B.    Analysis

Alamo argues that we must construe the meaning of section 151.006(a)(1) to determine whether Alamo resold each consumable to its customers "with or as a taxable item." *See id.* However, as a threshold matter, Alamo must have purchased the consumables at issue for the purpose of *reselling* them to customers. *See id.* If a purchaser does not acquire the property to *resell* it, then the purchaser is not entitled to the resale exemption. *See id.*; *see also DTWC*, 400 S.W.3d at 154; *Sw. Airlines Co. v. Bullock*, 784 S.W.2d 563, 572 (Tex. App.—Austin 1990, no pet.) (finding Southwest's argument that "it 'sells' its non-alcoholic beverages" to its customers unpersuasive because "a theoretical increase in the ticket price can [not] be said to convert a complimentary offer of a beverage into a sale" as a matter of law).

However, here, as a matter of law, the evidence does not support a finding that Alamo purchased the consumables for the purpose of reselling them to its customers. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) ("When a party attacks the legal sufficiency of an adverse finding on an issue on which she has the burden of

proof, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue."). The evidence showed that Alamo advertises that "extras aren't extra," that "the extras" are free, and that the consumables at issue are considered "extras." In addition, Alamo does not itemize the costs of the consumables given to its customers, either individually or as an overall cost, when it provides its bill to the customers. Customers pay a single rate for the occupancy of the room and are not informed that they are paying for the consumables. Moreover, the consumables kept behind the front desk were only provided to customers who requested them. Alamo does not limit the number of consumables it provides to its customers, and it does not charge for additional consumables provided. In sum, the trial court was free to disbelieve that customers pay $1.57 for the consumables at issue because Alamo advertises that the extras, including the consumables, are free; the consumables are not itemized on the bill; and Alamo provides its customers unlimited amounts of consumables without further charge. Thus, the trial court, despite Alamo's claims, may have reasonably believed that Alamo does not charge for any consumable provided to its customers. Therefore, the evidence does not conclusively support that Alamo purchased the consumables "for the purpose of reselling" them. *See* TEX. TAX CODE ANN. § 151.006(a)(1). Instead, the evidence supports a finding that the consumables are free.

Alamo does not challenge the trial court's finding in this regard and assumes that the facts in this case mirror the facts of *DTWC*. However, the *DTWC* court relied on the parties' agreed stipulation that the hotel in that case charged its customers an all-inclusive rate for the occupancy of the room and for the consumables provided. *DTWC*, 400 S.W.3d at 154 (rejecting the Comptroller's argument that the consumables were gifts

6

because "the parties stipulated that Red Lion's guests paid for the hotel consumables when they paid for the use of the hotel room"). In other words, in *DTWC*, it was undisputed that the hotel charged its customers for the consumables. *Id.* Here, there is no agreed stipulation that Alamo charges an all-inclusive rate for occupancy of the room and the consumables. And, Alamo does not address this distinction.

Having determined that the evidence does not conclusively establish Alamo's assertion that it purchased the consumables for the purpose of reselling them to its customers, Alamo is not entitled to the sale-for-resale exemption. We overrule Alamo's first issue.[2]

### III. CONCLUSION

We affirm the trial court's judgment.

DORI CONTRERAS
Chief Justice

Delivered and filed the
24th day of January, 2019.

---

[2] Having found that Alamo was not entitled to the sale-for-resale exemption, we need not address Alamo's second issue arguing that Alamo is not required to collect or remit sales tax from its guests on the resale of the hotel consumables or its third issue arguing that Comptroller rule 3.162(a) is invalid because Alamo remitted hotel occupancy tax on the resale of the hotel consumables. *See* TEX. R. APP. P. 47.1.